UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS GUALAN-NAMICELA,<br><br>Petitioner,<br><br>v.<br><br>MOISES BECERRA, et al.,<br><br>Respondents. | No. 1:26-cv-01460-DJC-EFB<br><br><br><br>ORDER |

    Petitioner Juan Carlos Gualan-Nemicela is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1).  The Court has previously addressed the legal issues raised in Counts 1 and 2 of the Petition.  *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).

    Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus as to Counts 1 and 2 and identify any factual or legal issues in this case that distinguish it from the Court's prior orders.  (ECF No. 7.)  Respondents noted that the cited cases preceded the *Maldonado Bautista* court issuing an order expressly vacating *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025).  (ECF No. 8 at 2–3.)  This does not currently

present a meaningful distinction.  The Court has reviewed hundreds of cases where an Immigration Judge has found they lacked jurisdiction as the detainee was an applicant for admission and thus subject to section 1225(b).  (*See also* ECF No. 8 at 2 n. 1.) While Immigration Judges have cited to *Yajure Hurtado* in making that determination, many based their findings not on *Yajure Hurtado* as binding authority but on their independent assessment and review of the law, regulations, statutes, and case law. Absent any evidence that Immigration Judges have begun granting hearings in similar cases, the Court declines to impose an exhaustion requirement and does not view the order in *Maldonado Bautista* as a material factual or legal distinction.  Respondents have not identified any other distinguishing factual or legal issues.  (*See* ECF No. 8.)

Accordingly, as Respondents have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Counts 1 and 2, for the reasons stated in those prior orders.[1]

Respondents are ORDERED to immediately release Petitioner Juan Carlos Gualan-Namicela from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

////

////

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

2

1   The Clerk of the Court is directed to close this case and enter judgment for
2   Petitioner.  This Order resolves all pending motions.

    IT IS SO ORDERED.

Dated:   **February 26, 2026**

_Daniel J. Calabretta_
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3